AMOS PHILLIPS *vs.* GEORGE M. VOSE and logs.

Franklin.    Opinion December 27, 1888.

*Lien on logs.   Assignment.   R. S., c. 91, § 38.   Arrival at destination.*

When poplar and birch logs are, under one contract, cut and hauled from the same land and delivered at the same mill in separate piles, all in the same season, an action to enforce a laborer's lien thereon is seasonably commenced within sixty days after all the poplar and birch logs are thus delivered.

A merchant, to whom the laborer has sold his lien claim, for goods furnished him, may maintain an action in the name of the laborer to enforce a lien on the logs.

*Murphy* v. *Adams,* 70 Maine, 113, affirmed.

ON REPORT.   The court were to render such decision as the law and facts require, on the pleadings and evidence.

The action was upon account annexed for the plaintiff's personal services, in cutting and hauling poplar logs and birch lumber during the winter of 1886–7, and claiming a lien thereon. The last delivery of the logs and lumber was alleged to have been made at the place of manufacture February 24, 1887.   Plea, general issue, with brief statement of special matter of defense by the log owners that the lumber was not seasonably attached to enforce the lien, and that the lien had been extinguished by a sale thereof prior to the commencement of the suit.   The date of the sheriff's attachment was April 23, 1887.

*P. A. Sawyer, J. C. Holman* with him, for plaintiff.

The idea that the sixty days commence to run from the time each load or parcel of lumber arrives at the place of manufacture cannot apply in any case.

A true construction of the statute does not require the laborer to discriminate between different loads or small parcels of the same lumber when all hauled during one winter's operation. When the contract of hauling is at an end the sixty days commence to run.   *Sheridan* v. *Ireland,* 66 Maine, 65.

The lumber is that contemplated by the lien statute applying

to "logs and lumber." It was cut, not for wood, but lumber to be manufactured by aid of machinery into various articles or forms of merchandise.

The attachment was properly made, *Parker* v. *Williams*, 77 Maine, 418. Equities are with plaintiff. Claimants have received the benefit of his labor and have paid no one for it. Any amount they pay to discharge liens may be offset or recouped in the claim of principal defendant on his contract. The suggestion that the plaintiff sold his claim at a discount is not sustained by the evidence and is nothing to the case if it was a fact. The sale does not affect the matter, there being no written assignment.

*P. H. Stubbs and W. Fred P. Fogg,* for claimants.

No lien exists at common law. *Oakes* v. *Moore*, 24 Maine, 214. Being in derogation of the common law the statute should be construed strictly. Dane's Abridg. c. 44. The statute was not intended to cover two kinds of logs and lumber, hauled at different times, manufactured for different purposes, separate and distinct as to character, purpose and value, all the way from the stump to the saw, as the plaintiff knew. *Sheridan* v. *Ireland*, premises a different state of facts. In that case it was impracticable to distinguish the different kinds of logs at the place of destination. Here it is the reverse. The logs and lumber were kept separate, and could be readily distinguished at all times. Plaintiff knew that the birch arrived long prior to the poplar. The lien on the birch was therefore lost by not being effectuated within the sixty days. *Union Slate Co.* v. *Tilton*, 73 Maine, 207. The laborer is presumed to exercise ordinary care and prudence in the management of his affairs, and to be capable of determining when the occasion has arrived for an appeal to the remedy which the law affords him. He neglected to effectuate his lien, as to the first deposit, until the day following the last day which the statute allowed him.

Plaintiff admits he sold his claim, for goods, a month or six weeks before the suit. His lien claim was thereby extinguished. *Pearsons* v. *Tincker*, 36 Maine, 384 ; *Ames* v. *Palmer*, 42 Maine, 197. The lien given by statute is an inchoate personal right. *Colley* v. *Doughty*, 62 Maine, 501 ; *Ruggles* v. *Walker*, 34 Vt. 468 ;

*Hollingsworth* v. *Dow*, 19 Pick. 228. It is a personal right and cannot be transferred to another. *Daubigny* v. *Duval*, 5 T. R. 604, 606; *Holley* v. *Huggeford*, 8 Pick. 73; *Jacobs* v. *Knapp*, 50 N. H. 71; Story's Con. 219. In the absence of any statutory provision, the assignment of a demand for which the assignor may have by law a specific lien, destroys the right of lien. *Tewksbury* v. *Bronson*, 48 Wis. 581; *Rollins* v. *Cross*, 45 N. Y. 766; *Sweet* v. *Lyon*, 1. East, 4.

The lien claim did not pass by the contract of sale, if by such contract it could be passed. *Urquehart* v. *McIver*, 4 Johns. 102; *Caldwell* v. *Lawrence*, 10 Wis. 332; *McCombe* v. *Davies*, 7 East, 5; *Fox* v. *McGregor*, 11 Barb. 41; *Hunt* v. *Haskell*, 24 Maine, 339.

The nature of the term lien precludes the idea that a person can have a lien without having a debt or claim to be secured by it. The lien and debt were inseparable while both existed, and when plaintiff transferred the debt fully and unconditionally, he had no remaining interest in it, and the lien ceased to exist.

There is no equitable reason why the principle adopted in nearly every other state and this state, with the exception of *Murphy* v. *Adams*, 71 Maine, 113, should be reversed in this case.

VIRGIN, J. On report. Assumpsit for personal labor and to enforce a lien therefor upon certain lumber on which the labor was expended.

Rowe Bros. (two of the claimants) contracted with one Vose to cut, haul and deliver at their mill, during the season of 1886–7, poplar and birch timber on the land of Adelbert Meade. When hauled, the birch and poplar were piled separately in the mill-yard. The hauling of the birch was completed on Feb. 11, and the poplar on Feb. 24, 1887. The plaintiff was one of the laborers on the lumber in the woods.

1. The claimants object to any judgment for a lien upon the birch, because the attachment, made on April 23, was not within "sixty days after it arrived at its place of destination for manufacture"; and for a like reason to a judgment on so much of the poplar as arrived prior to Feb. 22.

The timber came off from the same land, all cut, hauled and delivered the same season by the same contractor, at the same

price, at the same mill as a whole and not as separate lots or parcels. We do not think this remedial statute should be so construed as to compel a laborer to divide his action for wages and make two attachments, which necessity might arise when different kinds of timber are cut and all of one kind arrives, sixty days before the other, at the place of manufacture. On the contrary we think *Sheridan* v. *Ireland*, 66 Maine, 65, is decisive of the objection.

2. The objection that the sale of the laborer's claim to a merchant for goods discharged the lien, is not sound. It was settled eight years ago by this court that one who has purchased the claim of a laborer in the cutting and hauling of logs may maintain an action thereon in the name of such laborer to enforce the laborer's lien on the logs. *Murphy* v. *Adams*, 71 Maine, 113.

These being the only objections made to the action, there must be judgment for the plaintiff for the amount of his bill and interest from date of the writ against the personal defendant George M. Vose and against the poplar and birch lumber and logs attached.

*Judgment for plaintiff.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.